UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

)
GREG LLOYD SMITH (1)           )
KATERINA THEOHARI-SMITH (2)    )
                               )
    *Plaintiff(s)*,             )
                               )
v.                             )
                               )
RICHARDS, LAYTON & FINGER, P.A.(1), )   C.A. NO.:   08 - 446
STEVEN J. FINEMAN (# 4025) (2), )       JUDGE:
JENNIFER J. VEET (# 4929) (3)  )
                               )
    *Defendant(s)*              )
                               )

## COMPLAINT FOR ATTEMPTED FRAUD, MISREPRESENTATION AND PROFESSIONAL MISCONDUCT

### NATURE OF ACTION

1. Defendant(s) Nos. 2 and 3 on behalf of Defendant No. 1 and their respective client, Amazon.com, Inc., have, in violation of Section 4.4(a) of The Delaware Lawyers' Rules of Professional Conduct, acted in concert to delay, embarrass and disadvantage Plaintiff(s) and through their action(s) sought to prejudice Plaintiff(s) ability to act on and respond to legal documents in a timely manner;

2. Defendant(s) No. 2 on behalf of Defendant No. 1 and their client, Amazon.com, Inc., have, in violation of Section 4.1(a) of The Delaware Lawyers' Rules of Professional Conduct, made false statement(s) in connection with a civil action before this Court, to a third person;

3. Defendant No. 3, in violation of Section 8.3(a) failed to report, to the Office of Disciplinary Counsel, her knowledge of the false statement(s) made by Defendant No. 2;

4. Defendant(s) have demonstrated and continue to demonstrate their desire and intent to litigate by ambush, which this Court should not condone;

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a)(2) where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a State and citizens or subjects of a foreign state. This Court is a proper venue under 28 U.S.C. § 1391(a)(1);

## PARTIES

7. Defendant(s) Nos. 2 and 3 are attorneys, who are employed by Defendant No. 1, a professional association, who collectively represent a corporate client, Amazon.com, Inc., in a civil action before this Court [C.A. No. 99-543-GMS], in which notices, the timely service of legal documents and professional integrity are the principal subject matter of one or more Motion(s) before this Court;

8. Plaintiff(s) are individuals and residents of the country of Greece, who in their *pro-se* capacities have sought relief from this Court in the matter of Amazon.com, Inc. v. CITI Services, Inc., CITI Services Limited [sic], Aikaterini [sic] Theohari, and Greg Lloyd Smith – C.A. No. 99-543-GMS, against this Court's Order and Judgment dated April 11, 2001;

## FACTS

9. Section 4.1(a) of The Delaware Lawyers' Rules of Professional Conduct states that "In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person.";

10. Section 4.4(a) of The Delaware Lawyers' Rules of Professional Conduct states that "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.";

11. Section 8.3(a) of The Delaware Lawyers' Rules of Professional Conduct states that "A lawyer who knows that another lawyer has committed a violation of the rules of Professional Conduct that raises a substantial question as to that lawyer's honestly, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate authority.";

12. On May 22, 2008 at 4:49pm (Eastern European Summer Time hereinafter "EEST") Plaintiff(s) received an email [Exhibit "A"] with a PDF attachment sent by Defendant No. 3 [Exhibit "B"];

13. On May 22, 2008 at 9:00pm (EEST) Defendant No. 2 wrote in an email the following message: "To be clear, my office made several efforts to deliver the letter to you via facsimile last night, and again today, at the facsimile number you provided in your email to David Zapolsky dated May 7, 2008. Notwithstanding these efforts, there was no connection." This statement was deliberately false [Exhibit "C"];

14. Despite numerous requests, Defendant(s) have failed to provide any evidence to support Defendant No. 2's claim to having "made several efforts to deliver the letter" to Plaintiff(s);

Plaintiff(s), *pro-se* for their Complaint, against the Defendant(s) allege:

## COMPLAINT

15. On May 21, 2008 Defendant No. 2 wrote a letter, purporting to have been delivered by facsimile to Plaintiff(s);

16. Defendant(s) requested a written stipulation to be returned no later than "the close of business" *presumably* 5pm May 22, 2008 (EEST);

17. Time was of the essence of Defendant(s) request as evidenced by Defendant(s) statement that unless Plaintiff(s) replied favorably; i.e. unless Plaintiff(s) agreed to the prepared stipulation, then, Defendant(s) would "seek relief from the Court";

18. Defendant(s) did not deliver the letter to Plaintiff(s) as claimed, but instead waited until 11 minutes before the imposed deadline and then sent the letter by email as an attachment; reference No. 12 above;

19. Defendant No. 3 personally emailed Defendant(s) letter on May 22, 2008 at 4:49pm (EEST); reference No. 12 above;

20. Defendant(s) have previously demonstrated a pattern of setting unattainable deadlines for opponents; particularly *pro-se* opponents, seeking to disadvantage these opponents;

21. Defendant(s) have previously used similar unprofessional behavior for personal enrichment; charging professional fees for motions, hearings and other unnecessary and unjustified legal work on behalf of their clients;

22. Defendant(s) have failed to provide any documentation to support Defendant No. 2's claim of difficulty in sending their facsimile;

23. On May 21, 2008 Defendant(s) failed to telephone Plaintiff(s) to verify the correct facsimile number;

24. On May 21, 2008 Defendant(s) failed to email Plaintiff(s) to verify the correct facsimile number;

25. Defendant No. 2 later made a deliberately false claim to Plaintiff(s) saying that his office had "made several efforts to deliver the letter" on two different days;

26. Defendant(s) failed to contact Plaintiff(s) to inform them or to request assistance from them in connection with the alleged difficulty Defendant(s) claimed associated with sending a facsimile to Plaintiff(s);

27. Defendant(s) attempted to defraud Plaintiff(s);

28. At no time did Defendant(s) attempt to send a facsimile to Plaintiff(s); evidenced by Plaintiff(s) fax log that shows both failed and successful fax transmissions [Exhibit "D"];

29. At all material times, Plaintiff(s) facsimile was in working order and there were no specific issues that would have prevented the facsimile being received; later verified by the facsimile service provider [Exhibit "E"];

30. Defendant(s) have acted and continue to act in an unprofessional manner, which despite the refusal of the Office of Disciplinary Counsel (ODC File No. 2008-0303-A) to take further action on Plaintiff's Complaint has forced Plaintiff(s) to pursue this civil action [Exhibit(s) "F", "G", "H" and "I" series of documents representing an exchange of communication associated with Plaintiff(s) initial attempts to hold Defendant No. 2 responsible for his false statement];

## CLAIMS FOR RELIEF

Plaintiff(s) request that this Court:

30. Declare that Defendant(s) actions violated the Rules for Professional Conduct pursuant section(s) 4.1(a); and 4.4.(a);

31. Declare that Defendant No. 3's actions also violated the Rules for Professional Conduct pursuant section 8.3(a);

32. Award Plaintiff(s) damages (economical and emotional) in the amount of $780,000.00 (seven hundred and eighty thousand dollars);

33. Award Plaintiff(s) punitive damages;

34. Award Plaintiff(s) fee(s) and costs in this action;

35. Grant all other appropriate relief;

PLAINTIFF(S)

.................................................
GREG LLOYD SMITH
*pro-se Plaintiff*

.................................................
KATERINA THEOHARI-SMITH
*pro-se Plaintiff*

July 11, 2008
Mykonos Greece

Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos
Greece
Tel: +011 30 693 406 8559
Fax: +011 30 211 268 6990



UNITIED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| GREG LLOYD SMITH (1) <br> KATERINA THEOHARI-SMITH (2) <br><br> *Plaintiff(s),* <br><br> v. <br><br> RICHARDS, LAYTON & FINGER, P.A.(1), <br> STEVEN J. FINEMAN (# 4025) (2), <br> JENNIFER J. VEET (# 4929) (3) <br><br> *Defendant(s)* | C.A. NO.: <br> JUDGE: |

## BUNDLE OF EXHIBITS "A-I"

In support of their Complaint, Plaintiff(s) attach Exhibits A-I as referenced and described within the Complaint.

PLAINTIFF(S)

...................................................
GREG LLOYD SMITH
*pro-se Plaintiff*

...................................................
KATERINA THEOHARI-SMITH
*pro-se Plaintiff*

July 11, 2008
Mykonos Greece

Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos
Greece
Tel: +011 30 693 406 8559
Fax: +011 30 211 268 6990

Exhibit "A"

**Subject:**
**From:** "Veet, Jennifer J." <Veet@RLF.com>
**Date:** Thu, 22 May 2008 09:49:21 -0400
**To:** admin@originofbooks.com

Please see the attached.

Jennifer J. Veet
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19801
Direct:  302-651-7622
Fax:     302-498-7622


Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.

The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

|  | **Content-Description:** | Letter and Stipulation.pdf |
|---|---|---|
| **Letter and Stipulation.pdf** | **Content-Type:** | application/octet-stream |
|  | **Content-Encoding:** | base64 |

**RICHARDS, LAYTON & FINGER**

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

STEVEN J. FINEMAN

DIRECT DIAL NUMBER
302-651-7592
FINEMAN@RLF.COM

May 21, 2008

**VIA FACSIMILE**

Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos
Greece

Re: **Amazon.com, Inc. v. Citi Services, Inc., Citi Services Limited, Aikaterini Theohari and Greg Lloyd Smith, C.A. No. 99-543-GMS**

Dear Mr. Smith:

I represent Amazon.com, Inc. ("Amazon.com") in connection with the above-referenced action and write with respect to Defendants' Motion to Set Aside Default Order and Judgment (the "Motion"). It is my understanding that you and Mr. Theohari are presently representing yourselves in this matter. If either of you are represented by counsel, please let me know and I will direct my communications to such counsel. Attached please find a Stipulation And Order To Extend Time (the "Stipulation") for Amazon.com to respond to the Motion. Please let me know whether you and Mr. Theohari are agreeable to the extension. If so, please execute the Stipulation and return it to me in pdf form via electronic mail to Fineman@rlf.com or via facsimile at 302-498-7592. If you are not willing to execute the Stipulation, please let me know by the close of business your time tomorrow so that I can seek relief from the Court as I deem appropriate. Thank you in advance for your consideration in this regard.

Best regards,

Steven J. Fineman, Esq.

cc: Jennifer J. Veet, Esq.

RLF1-3285771-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMAZON.COM, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 99-543-GMS |
| v. | ) |
| | ) |
| CITI SERVICES, INC., CITI SERVICES LIMITED, AIKATERINI THEOHARI and GREG LLOYD SMITH, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## STIPULATION AND ORDER TO EXTEND TIME

WHEREAS, on or about April 11, 2001 the Court entered judgment in favor of Amazon.com, Inc. ("Amazon.com") and against Defendants CITI Services, Inc., CITI Services Limited, Aikaterini Theohari and Greg Lloyd Smith;

WHEREAS, on May 7, 2008 Defendants certified that they served a copy of Defendants' Motion to Set Aside Default Order and Judgment (the "Motion") on Amazon.com by first class mail;

WHEREAS, the Motion was filed with the Court on May 14, 2008;

WHEREAS, undersigned counsel presently retained on behalf of Amazon.com did not represent Amazon.com in the above-captioned litigation prior to the entry of judgment and the closing of the case;

WHEREAS, the present action having been closed by the Court on April 11, 2001;

WHEREAS, undersigned counsel for Amazon.com is presently seeking to obtain documents from the attorneys who originally represented Amazon.com and from the Federal Records Center;

RLF1-3285351-1

WHEREAS, for the reasons identified above, Amazon.com needs additional time to respond to the Motion;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, and subject to the approval of the Court, that the time within which Plaintiff Amazon.Com, Inc. shall file its response to Defendants' Motion to Set Aside Default Order and Judgment (D.I. 81) is extended to and including June 10, 2008.

| | |
|---|---|
| Steven J. Fineman (#4025) | Greg L. Smith |
| fineman@rlf.com | Kestrel House, Ornos |
| Jennifer J. Veet (#4929) | 846 00 Mykonos |
| veet@rlf.com | Greece |
| Richards Layton & Finger, P.A. | Tel: +011 30 693 406 8559 |
| One Rodney Square | |
| 920 North King Street | |
| Wilmington, DE 19801 | Aikaterini Theohari |
| 302-651-7700 | |
| Attorneys for Plaintiff | |

SO ORDERED this _____ day of _____, 2008.

_____
United States District Judge

RLF1-3285351-1

Exhibit "C"

**Subject:** FW: Reply to Request
**From:** "Fineman, Steven" <Fineman@RLF.com>
**Date:** Thu, 22 May 2008 14:00:36 -0400
**To:** admin@originofbooks.com
**CC:** "Veet, Jennifer J." <Veet@RLF.com>

Dear Mr. Smith:

I am in receipt of your letter from earlier today and write with respect
to same.  To be clear, my office made several efforts to deliver the
letter to you via facsimile last night, and again today, at the
facsimile number you provided in your email to David Zapolsky dated May
7, 2008.  Notwithstanding these efforts, there was no connection.  As a
result, Ms. Veet forwarded the letter to you at the email address
contained on your email to David Zapolsky.  There is simply no basis for
your claim of alleged "false representations".  Given your position on
our request for an extension, I do not see any need for further
correspondence unless you have a change of position.  Thank you for your
prompt response.

Regards,


Steven J. Fineman

---

Richards, Layton and Finger, P.A. is not providing any advice with respect to any
federal tax issue in connection with this matter.

The information contained in this e-mail message is intended only for the use of
the individual or entity named above and may be privileged and/or confidential. If
the reader of this message is not the intended recipient, you are hereby notified
that any unauthorized dissemination, distribution or copying of this communication
is strictly prohibited by law. If you have received this communication in error,
please immediately notify us by return e-mail or telephone (302-651-7700) and
destroy the original message. Thank you.

---

From: Origin of Books [mailto:admin@originofbooks.com]
Sent: Thursday, May 22, 2008 12:40 PM
To: Veet, Jennifer J.
Subject: Reply to Request

See attached.



Greg Smith

Veet, Jennifer J. wrote:
> Please see the attached.
>
> Jennifer J. Veet
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE  19801
> Direct:  302-651-7622
> Fax:     302-498-7622
>

---

```
respect to any federal tax issue in connection with this matter.

The information contained in this e-mail message is intended only for
the use of the individual or entity named above and may be privileged
and/or confidential. If the reader of this message is not the intended

recipient, you are hereby notified that any unauthorized
dissemination, distribution or copying of this communication is
strictly prohibited by law. If you have received this communication in

error, please immediately notify us by return e-mail or telephone
(302-651-7700) and destroy the original message. Thank you.
------------------------------------------------------------------
--
```

**Amazon22052008-1.pdf**  **Content-Description:** Amazon22052008-1.pdf
  **Content-Type:** application/octet-stream
  **Content-Encoding:** base64

English | Greece [ Change ]

# eFax® Easy faxing anywhere."

My Account : Log Out : Contact Us : H

**OVERVIEW** | **FEATURES** | **HOW IT WORKS** | **PRICING**

## Receive Logs

Your eFax Plus activity log includes the faxes received over the last 30 days by your eFax number. All times listed are in Eastern Time (Daylight Savings).

**RECEIVE LOGS** | **SEND LOGS**

**MESSAGES FOR:** 30-211-268-6990

| Date | Pages | Type | Duration | From |
|---|---|---|---|---|
| 5/8/08 7:53 AM | 1 | FAX | 00:00:47 | 0030 22890 23402 |
| 4/25/08 1:26 AM | 1 | FAX | 00:00:29 | W3REZCOM |
| 4/24/08 4:57 AM | 4 | FAX | 00:01:10 | 67107547 |

🖨 Print this page

### MY ACCOUNT

○ **Account Overview**
Profile
Activity Logs
Preferences
Billing

○ **Send A Fax**

○ **Add A Number**

○ **eFax Message Center**

### NEW ON EFAX

→ Send your colleagues your eFax number.



---

🔒 Privacy // Home // About Us // Contact Us // Customer Agreement // Legal // Site Map // Help

© 2007 j2 Global Communications, Inc. All rights reserved.
eFax is a registered trademark of j2 Global Communications.

o o o

**Subject:** (30) 211 268-6990
**From:** "Michael Teller" <Michael.Teller@j2global.com>
**Date:** Wed, 4 Jun 2008 15:54:55 -0700
**To:** <email@w3rez.com>

Greg,

I can confirm there were no specific issues with the above referenced eFax number on May 21 and May 22.

Regards,

Mike Teller
Director Sales Operations


Mike Teller
323.860.9230

This email, its contents and attachments contain information from j2 Global Communications, Inc. and/or its affiliates which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee(s) only. If you are not an addressee, any disclosure, copy, distribution, or use of the contents of this message is prohibited. If you have received this email in error please notify the sender by reply e-mail and delete the original message and any copies. j2 Global Communications. 6922 Hollywood Blvd., Hollywood, CA 90028.

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, Delaware 19801
(302) 577-7042
(302) 577-7048 (Fax)

ANDREA L. ROCANELLI
Chief Counsel

MICHAEL S. McGINNISS
PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

May 29, 2008

**CONFIDENTIAL**
Mr. Greg L. Smith
Aikaterini Theohari
Kestrel House, Ornos
846 00 Mykonos Greece

    RE:    **ODC File No. 2008-0303-A**
              **(Steven J. Fineman, Esquire/Gregory Smith)**

Dear Mr. Smith:

    The complaint you filed against Delaware lawyer Steven J. Fineman, Esquire was docketed as referenced and assigned to me for evaluation. The standard for evaluation is whether there is a reasonable inference of misconduct or incapacity pursuant to Rule 9(a) of the Delaware Lawyers' Rules of Disciplinary Procedure ("Procedural Rules"). I have concluded that your complaint does not raise a reasonable inference of misconduct or incapacity.

    This Office is authorized by the Delaware Supreme Court to evaluate, investigate and prosecute attorney misconduct. Delaware attorneys are expected to comply with their professional conduct obligations. The Model Rules of Professional Conduct are applicable in the Delaware federal courts and the Delaware Lawyers' Rules of Professional Conduct are applicable to the conduct of all Delaware lawyers.

    Mr. Fineman represents Amazon.com in connection with litigation in the United States District Court for the District of Delaware. Mr. Fineman communicated with you by letter in an effort to reach agreement on an extension of time for his client to respond to a motion filed by you to vacate a default judgment entered by the Court in 2000. The letter sent by Mr. Fineman stated on its face that it would be sent to you by facsimile. Mr. Fineman, through his staff, made numerous attempts on May 22, 2008 to accomplish the facsimile transmission. Because those attempts were unsuccessful, the letter was sent to you the following day by e-mail. However, Mr. Fineman did not "correct" his letter to state that it was sent by e-mail rather than by facsimile. This was not a material misrepresentation.

Mr. Greg L. Smith
May 29, 2008
Page Two

  Rule 4.1(a) of the Model Rules of Professional Conduct (applicable in the Delaware federal courts) and Rule 4.1(a) of the Delaware Lawyers' Rules of Professional Conduct (applicable to the conduct of all Delaware lawyers) impose identical professional obligations of candor to opposing parties and third persons. I conclude that Mr. Fineman fulfilled his professional obligation of candor in that he did not knowingly make a false statement of material fact. Moreover, to the extent your complaint raises issues that may be addressed by the United States District Court for the District of Delaware where the litigation between you and Mr. Fineman's client is pending, I decline to interfere with ongoing litigation by addressing those issues. I note, however, that none of the issues you include in your complaint raise a reasonable inference of misconduct.

  Based upon my conclusion that there is no reasonable inference of misconduct or incapacity by Mr. Fineman and my conclusion that Mr. Fineman fulfilled his professional obligations, this matter is therefore dismissed pursuant to Procedural Rule 9(a)(ii)(A). By copy of this letter to Mr. Fineman, I am also advising him of the disposition of this matter. The referenced file is closed.

Sincerely,

Andrea L. Rocanelli

ALR/ldt

cc: Steven J. Fineman, Esquire

Exhibit "G"

# Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos Greece

Tel: +30 (693) 406-8559
Fax: +30 (211) 268-6990

Thursday, 05 June 2008

Andrea L. Rocanelli
**Office Of Disciplinary Counsel**
820 N. French Street, 11th Floor
Wilmington, Delaware 19801-3545
USA

Fax: +1 (302) 577-7048

Dear Ms. Rocanelli

**COMPLAINT: STEVEN J. FINEMAN (#4025)**
ODC File No. 2008-0303-A

Thank you for your letter dated May 29, regarding the above.

**This letter represents my formal request to appeal your initial decision.** I disagree with your interpretation of the events. Perhaps your opinion is based on further untruthful statements by the attorney, but even a cursory inspection of the facts indicates that Mr. Fineman did not attempt to send the fax as he claims. I have provided irrefutable evidence (i.e. the incoming log file for our eFax account). This account detail shows all attempts, failed or otherwise. As you should have identified, there were no attempts by Mr. Fineman's office for the period in question or at any time.

Suffice it to say, the basis of our Motion before the court is the timely delivery of notices and Mr. Fineman's false claim of having sent his fax or even having attempted to send the fax is material. I put it to you that had Mr. Fineman actually attempted to send the fax and had those attempts failed (he says several attempts were made), it would have been natural for Mr. Fineman to send the letter by email or to contact the intended recipient by email or telephone to enquire regarding the alleged problems with the fax. In these circumstances, Mr. Fineman did'not do anything. Instead, he waited until 11 minutes before his imposed deadline to send the document by email, which he could have done one day earlier to avoid the circumstances in which his credibility are now questioned.

I have requested proof that Mr. Fineman's purported attempts to send the fax "several times" be provided, but thus far, no such evidence has been offered.

Therefore, I wish to appeal your decision and to further pursue this complaint.

Yours sincerely,

Greg Smith

Exhibit "H"

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, Delaware 19801
(302) 577-7042
(302) 577-7048 (Fax)

ANDREA L. ROCANELLI
Chief Counsel

MICHAEL S. McGINNISS
PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

June 11, 2008

**CONFIDENTIAL**

Mr. Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos Greece

    RE: **ODC File No. 2008-0303-A**
       <u>**(Steven J. Fineman, Esquire/Gregory Smith)**</u>

Dear Mr. Smith:

  There is no provision in the Delaware Lawyers' Rules of Disciplinary Procedure for an appeal of the dismissal of the complaints you filed. *In re Petition of Connolly*, Del Supr., 510 A.2d 484, 486 (1986). The referenced file remains closed.

              Sincerely,

              Andrea L. Rocanelli

ALR:mjd

cc: Steven J. Fineman, Esquire (with copy of Mr. Smith's June 5, 2008 letter)

# Greg L. Smith

Kestrel House, Ornos
846 00 Mykonos Greece

Tel: +30 (693) 406-8559
Fax: +30 (211) 268-6990

Tuesday, 24 June 2008

Andrea L. Rocanelli
**Office Of Disciplinary Counsel**
820 N. French Street, 11th Floor
Wilmington, Delaware 19801-3545          Fax: +1 (302) 577-7048
USA

Dear Ms. Rocanelli

**COMPLAINT: STEVEN J. FINEMAN (#4025)**
**ODC File No. 2008-0303-A**

Thank you for your letter dated June 11, regarding the above.

Please be advised that I will be issuing proceedings against the above named lawyer, personally, in connection with his attempted fraud and misrepresentation.

To that end, please preserve your entire record on the matter as it will be required; as will your personal testimony as it relates to your decision to ignore what is really a very serious matter.

Yours sincerely,

Greg Smith

cc. Steven J. Fineman (Fax: (302) 498-7622)

*Exhibit "J"* (handwritten annotation)

**Greg L. Smith**
Kestrel House, Ornos
846 00 Mykonos Greece

Tel: +30 (693) 406-8559
Fax: +30 (211) 268-6990

2008 JUL 18 PM 2: 10

Friday, 11 July 2008

Clerk
**U.S. District Court**
Lockbox 18
844 N. King Street
Wilmington, DE 19801
USA

08 - 446

Dear Sir/Madam,

**GREG LLOYD SMITH (1) KATERINA THEOHARI-SMITH (2) V. RICHARDS, LAYTON & FINGER, P.A. (1), STEVEN J. FINEMAN (2), JENNIFER J. VEET**

Regarding the above captioned matter enclosed you will find the following documents:

1. (2) Original(s) of Complaint and Exhibit(s) for Court

2. (2) Original(s) of Complaint and Exhibit(s) for Plaintiff (to be returned)

3. (2) Original(s) of Complaint and Exhibit(s), (2) Notice of Lawsuit/Waiver, (2) Waiver of Service for Richards, Layton & Finger P.A. (to be returned)

4. (2) Original(s) of Complaint and Exhibit(s), (2) Notice of Lawsuit/Waiver, (2) Waiver of Service for Steven J. Fineman (to be returned)

5. (2) Original(s) of Complaint and Exhibit(s), (2) Notice of Lawsuit/Waiver, (2) Waiver of Service for Jennifer J. Veet (to be returned)

6. Return envelope for filed documents (we have no way of applying U.S. postage to this envelope; if you tell me the cost, I can send you a separate check for the cost)

7. Check payment of fee $350

If you would be kind enough to file and record this Complaint and return all of the documents to be returned, we will then send the Complaint along with the Waiver of Service and Notice of Lawsuit/Waiver documents to each Defendant.

I can be reached by email at admin@originofbooks.com or by telephone and or fax as noted above.

Yours sincerely,

Greg L. Smith