UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

GREG LLOYD SMITH (1)
KATERINA THEOHARI-SMITH (2)

*Plaintiff(s)*,

v.

RICHARDS, LAYTON & FINGER, P.A.(1),
STEVEN J. FINEMAN (# 4025) (2),
JENNIFER J. VEET (# 4929) (3)

*Defendant(s)*

C.A. NO.: 08-446
JUDGE:

## COMPLAINT FOR ATTEMPTED FRAUD, MISREPRESENTATION AND PROFESSIONAL MISCONDUCT

### NATURE OF ACTION

1. Defendant(s) Nos. 2 and 3 on behalf of Defendant No. 1 and their respective client, Amazon.com, Inc., have, in violation of Section 4.4(a) of The Delaware Lawyers' Rules of Professional Conduct, acted in concert to delay, embarrass and disadvantage Plaintiff(s) and through their action(s) sought to prejudice Plaintiff(s) ability to act on and respond to legal documents in a timely manner;

2. Defendant(s) No. 2 on behalf of Defendant No. 1 and their client, Amazon.com, Inc., have, in violation of Section 4.1(a) of The Delaware Lawyers' Rules of Professional Conduct, made false statement(s) in connection with a civil action before this Court, to a third person;

3. Defendant No. 3, in violation of Section 8.3(a) failed to report, to the Office of Disciplinary Counsel, her knowledge of the false statement(s) made by Defendant No. 2;

4. Defendant(s) have demonstrated and continue to demonstrate their desire and intent to litigate by ambush, which this Court should not condone;

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a)(2) where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a State and citizens or subjects of a foreign state. This Court is a proper venue under 28 U.S.C. § 1391(a)(1);

## PARTIES

7. Defendant(s) Nos. 2 and 3 are attorneys, who are employed by Defendant No. 1, a professional association, who collectively represent a corporate client, Amazon.com, Inc., in a civil action before this Court [C.A. No. 99-543-GMS], in which notices, the timely service of legal documents and professional integrity are the principal subject matter of one or more Motion(s) before this Court;

8. Plaintiff(s) are individuals and residents of the country of Greece, who in their *pro-se* capacities have sought relief from this Court in the matter of Amazon.com, Inc. v. CITI Services, Inc., CITI Services Limited [sic], Aikaterini [sic] Theohari, and Greg Lloyd Smith – C.A. No. 99-543-GMS, against this Court's Order and Judgment dated April 11, 2001;

## FACTS

9. Section 4.1(a) of The Delaware Lawyers' Rules of Professional Conduct states that "In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person.";

10. Section 4.4(a) of The Delaware Lawyers' Rules of Professional Conduct states that "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.";

11. Section 8.3(a) of The Delaware Lawyers' Rules of Professional Conduct states that "A lawyer who knows that another lawyer has committed a violation of the rules of Professional Conduct that raises a substantial question as to that lawyer's honestly, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate authority.";

12. On May 22, 2008 at 4:49pm (Eastern European Summer Time hereinafter "EEST") Plaintiff(s) received an email [Exhibit "A"] with a PDF attachment sent by Defendant No. 3 [Exhibit "B"];

13. On May 22, 2008 at 9:00pm (EEST) Defendant No. 2 wrote in an email the following message: "To be clear, my office made several efforts to deliver the letter to you via facsimile last night, and again today, at the facsimile number you provided in your email to David Zapolsky dated May 7, 2008. Notwithstanding these efforts, there was no connection." This statement was deliberately false [Exhibit "C"];

14. Despite numerous requests, Defendant(s) have failed to provide any evidence to support Defendant No. 2's claim to having "made several efforts to deliver the letter" to Plaintiff(s);

Plaintiff(s), *pro-se* for their Complaint, against the Defendant(s) allege:

## COMPLAINT

15. On May 21, 2008 Defendant No. 2 wrote a letter, purporting to have been delivered by facsimile to Plaintiff(s);

16. Defendant(s) requested a written stipulation to be returned no later than "the close of business" *presumably* 5pm May 22, 2008 (EEST);

17. Time was of the essence of Defendant(s) request as evidenced by Defendant(s) statement that unless Plaintiff(s) replied favorably; i.e. unless Plaintiff(s) agreed to the prepared stipulation, then, Defendant(s) would "seek relief from the Court";

18. Defendant(s) did not deliver the letter to Plaintiff(s) as claimed, but instead waited until 11 minutes before the imposed deadline and then sent the letter by email as an attachment; reference No. 12 above;

19. Defendant No. 3 personally emailed Defendant(s) letter on May 22, 2008 at 4:49pm (EEST); reference No. 12 above;

20. Defendant(s) have previously demonstrated a pattern of setting unattainable deadlines for opponents; particularly *pro-se* opponents, seeking to disadvantage these opponents;

21. Defendant(s) have previously used similar unprofessional behavior for personal enrichment; charging professional fees for motions, hearings and other unnecessary and unjustified legal work on behalf of their clients;

22. Defendant(s) have failed to provide any documentation to support Defendant No. 2's claim of difficulty in sending their facsimile;

23. On May 21, 2008 Defendant(s) failed to telephone Plaintiff(s) to verify the correct facsimile number;

24. On May 21, 2008 Defendant(s) failed to email Plaintiff(s) to verify the correct facsimile number;

25. Defendant No. 2 later made a deliberately false claim to Plaintiff(s) saying that his office had "made several efforts to deliver the letter" on two different days;

26. Defendant(s) failed to contact Plaintiff(s) to inform them or to request assistance from them in connection with the alleged difficulty Defendant(s) claimed associated with sending a facsimile to Plaintiff(s);

27. Defendant(s) attempted to defraud Plaintiff(s);

28. At no time did Defendant(s) attempt to send a facsimile to Plaintiff(s); evidenced by Plaintiff(s) fax log that shows both failed and successful fax transmissions [Exhibit "D"];

29. At all material times, Plaintiff(s) facsimile was in working order and there were no specific issues that would have prevented the facsimile being received; later verified by the facsimile service provider [Exhibit "E"];

30. Defendant(s) have acted and continue to act in an unprofessional manner, which despite the refusal of the Office of Disciplinary Counsel (ODC File No. 2008-0303-A) to take further action on Plaintiff's Complaint has forced Plaintiff(s) to pursue this civil action [Exhibit(s) "F", "G", "H" and "I" series of documents representing an exchange of communication associated with Plaintiff(s) initial attempts to hold Defendant No. 2 responsible for his false statement];

## CLAIMS FOR RELIEF

Plaintiff(s) request that this Court:

30. Declare that Defendant(s) actions violated the Rules for Professional Conduct pursuant section(s) 4.1(a); and 4.4.(a);

31. Declare that Defendant No. 3's actions also violated the Rules for Professional Conduct pursuant section 8.3(a);

32. Award Plaintiff(s) damages (economical and emotional) in the amount of $780,000.00 (seven hundred and eighty thousand dollars);

33. Award Plaintiff(s) punitive damages;

34. Award Plaintiff(s) fee(s) and costs in this action;

35. Grant all other appropriate relief;

PLAINTIFF(S)
..................................................
GREG LLOYD SMITH
*pro-se Plaintiff*

..................................................
KATERINA THEOHARI-SMITH
*pro-se Plaintiff*

July 11, 2008
Mykonos Greece

Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos
Greece
Tel: +011 30 693 406 8559
Fax: +011 30 211 268 6990

